## RICE v. FEAGLEY.
### No. 4084.

Court of Civil Appeals of Texas. Amarillo.
Oct. 25, 1933.

Rehearing Denied Nov. 29, 1933.

Carl Gilliland and Jas. W. Witherspoon, both of Hereford, for appellant.

James A. Gowdy, of Olton, and T. Wade Potter, of Littlefield, for appellee.

JACKSON, Justice.

This is an appeal from the judgment of the trial court sustaining a plea in abatement duly filed and presented by Elzie Feagley, appellee, to a suit instituted against him on December 12, 1932, in the district court of Deaf Smith county by George Edgar Rice, appellant.

The plea in abatement alleged that appellee, prior to the institution of this suit against him by appellant in Deaf Smith county, had filed and still had pending in the district court of Lamb county a suit involving the same parties and the same subject-matter.

The court heard the testimony, sustained the plea in abatement, and dismissed appellant's suit.

The record discloses that on January 9, 1928, S. F. Rice, as first party, entered into a written contract with Elzie Feagley, as second party, by the terms of which the first party sold and agreed to convey to second party, for the considerations and upon the terms and conditions therein expressed, the southeast ¼ of section 66, block 2, in Lamb county, Tex. The sale was made on the crop payment plan, and in making and executing the contract as first party, S. J. Rice, with full authority, acted for George Edgar Rice, who was the owner of the land and who ratified and confirmed the contract. On February 23, 1931, George Edgar Rice and S. J.

Rice, as plaintiffs, filed in the district court of Lamb county suit No. 705 against Elzie Feagley, as defendant, to cancel said contract of sale and to recover possession of the land and certain damages they claimed to have sustained because of the alleged breach by Feagley of certain obligations imposed upon him by the contract.

Some time prior to March 4, 1932, on which day he filed his second amended original petition, Elzie Feagley, as plaintiff, instituted suit No. 703 in the district court of Lamb county against George Edgar and S. J. Rice, as defendants. In his petition he alleges that at the time of the sale there was a lien against the land to secure certain indebtedness, and that he had no knowledge of such lien. That it was the duty of George Edgar and S. J. Rice to protect him against said lien, pleads certain other breaches of the contract, the damages he sustained thereby, claims certain credits, sets out the value of the crops raised by him on the premises, the disposition made of the proceeds thereof, the amount he had paid on the consideration, asserts that he had complied in every respect with the obligations imposed on him by the contract, and is and has been at all times ready, able, and willing to pay all the money due by him under the terms of the contract, but had not made certain payments because of the failure of George Edgar and S. J. Rice to protect him against the liens and comply with the contract, a copy of which he attaches to and makes a part of his petition, and, prays that he have credit for certain items and for certain damages alleged; that George Edgar Rice be required to clear the title of the liens and to specifically perform the terms of the contract.

On March 4, 1932, by agreement of the parties, suits No. 703 and 705, pending in the district court of Lamb county, were consolidated and by order of the court directed to be tried as cause No. 703. After the suits were consolidated, Elzie Feagley filed his second amended original petition in the consolidated suit, and George Edgar and S. J. Rice appeared and answered said petition. On December 21st, thereafter, on motion of S. J. and George Edgar Rice, the court dismissed the cause of action they alleged in No. 705 and their cross-action filed against Elzie Feagley in cause No. 703 and in the consolidated case. In the order of dismissal, all costs that had accrued in cause No. 705, and by reason of the cross-action filed, was adjudged against George Edgar and S. J. Rice, but none of said costs had been paid.

In our opinion the petition of Elzie Feagley in cause No. 703, while not very artistically drawn, is sufficient against a general demurrer. The same contract, the same land, and the same parties necessary to the litigation, are involved in the suit instituted and still

pending in Lamb county that are involved in the suit thereafter filed in Deaf Smith county. The appellee, who is plaintiff in the Lamb county suit, seeks primarily the specific performance of the contract. The appellant, who is plaintiff in the Deaf Smith county suit, seeks primarily. the cancellation of the contract and the recovery of the land.

In our opinion, the court correctly sustained the plea in abatement and dismissed the case. 1 Tex. Jur. 93 §§ 67, 68.

The judgment is affirmed.